**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 04-cr-20003 |
| ) | |
| **WILLIAM WHITEFIELD,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant William Whitefield's Second Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (D. 148). For the reasons set forth below, Defendant's Motion is DENIED.

## BACKGROUND

When Defendant William Whitefield ("Defendant") was twenty-three years old he devised a plan with co-defendant Michael Hembree ("Hembree") to rob banks and split the money 50/50. In 2003, they committed four armed bank robberies in Illinois.

The first robbery occurred on October 24, 2003, at the Camargo Bank in Camargo, Illinois. Hembree held two employees and a customer at gunpoint while Defendant gathered $35,739 from the bank's vault. Before leaving the bank, Hembree sprayed the employees and a customer in the face with pepper spray. The second robbery occurred on November 7, 2003, at the Vermillion Valley Bank in Kempton, Illinois, where Defendant emptied $53,505.50 from the vault and teller drawers. Before fleeing, Hembree sprayed a customer and the two employees with pepper spray. On November 21, 2003, they robbed the First National Bank in Royal, Illinois. As Defendant emptied the vault, Hembree ordered an employee to tell a customer at the drive-up window that it

1

was broken and to come inside to complete the transaction. When the customer entered the bank with his two-year-old grandson, Hembree pointed a gun at them and ordered them to sit in the lobby with the employees. Defendant and Hembree fled the bank with approximately $40,000.00 in cash and travelers checks after Hembree sprayed the customer and employees with pepper spray. Five days later, they robbed the Edgar County Bank and Trust in Ashmore, Illinois. Defendant gathered $39,015.00 from the teller drawers and vault while Hembree ordered three female employees to go into the restroom and not come out. Before fleeing the bank, they stole the videotape from the surveillance system.

On December 4, 2003, Defendant was arrested and subsequently admitted to participating in the bank robberies. Defendant was charged with four counts of armed bank robbery (Counts 1, 3, 5, 7) and four counts of using a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Counts 2, 4, 6, 8). (D. 8). Pursuant to a cooperation plea agreement, Defendant pled guilty to the four robberies and two of the § 924(c) counts and the Government agreed to dismissing the remaining § 924(c) violations. (D. 27). At the time of sentencing, Defendant had no criminal history points and had a criminal history category of I, and the Government recommended a downward variance. (D. 63). On May 3, 2005, this Court sentenced Defendant to 393 months to be followed by five years of supervised release. (D. 62). His projected release date is January 9, 2032.

In 2020, Defendant filed his first Motion for Compassionate Release relying on an amendment in the First Step Act of 2018 limiting the circumstances in which enhanced sentences may be imposed for multiple violations of 18 U.S.C. § 924. Although not retroactive, Defendant argued the shorter minimum sentence he would have faced under the current law and his rehabilitative efforts while in prison presented an "extraordinary and compelling" reason for

compassionate release. (D. 133). Defendant later amended his motion to argue the presence of COVID-19 in the prison presented a separate basis for release. This Court denied Defendant's Motion finding he had failed to exhaust his COVID-19 theory, and that neither the amendment to § 924(c) nor his rehabilitative efforts provided a reason for release. Further, this Court found in its review of the factors of 18 U.S.C. § 3553(a) that Defendant's disciplinary record in prison weighed against early release. Defendant filed a Motion to Reconsider, which was denied.

Defendant then appealed the denial of his first Motion for Compassionate Release and Motion to Reconsider, and the Seventh Circuit affirmed. Notably, the Seventh Circuit found that although Defendant disputes the details of his prison infractions, this Court "reasonably found that [Defendant's] efforts at rehabilitation, however commendable, were not 'extraordinary and compelling.'" (D. 145, p. 2). The Seventh Circuit further found there was grounds to uphold this Court's judgment solely on its weighing of the § 3553(a) factors. *Id.* Specifically, that Defendant's release would not reflect the seriousness of his offenses and his history of prison infractions. *Id.*

Defendant filed this Second Motion for Compassionate Release on February 14, 2022, based on his mother's poor health, and reargues the changes in § 924(c) sentencing law and his rehabilitative efforts while in prison. (D. 148). He was appointed counsel who declined to file an amended motion, pointing out Defendant's arguments regarding his stacked sentence under § 924(c) was directly foreclosed by *United States v. Thacker,* 4 F.4th 569, 575 (7th Cir. 2021). (D. 149). On February 22, 2022, Defendant supplemented his Second Motion for Compassionate Release with his mother's medical records. On March 1, 2022, the Government filed a Response in Opposition (D. 157), and on March 14, 2022, Defendant filed a Reply. (D. 158).

On June 28, 2022, Defendant's counsel filed a Motion to Stay ruling on Defendant's Second Motion for Compassionate Release to presented additional briefing on the validity of

*Thacker* in light of the Supreme Court's decision in *Concepcion v. United States,* No. 20-1650 (S. Ct. June 27, 2022). (D. 163). On June 29, 2022, this Court granted Defendant's Motion to Stay and entered a briefing schedule. On July 12, 2022, Defendant filed Motion to Lift Stay, following the Seventh Circuit's ruling in *United States v. King,* 2022 U.S. App. LEXIS 18987 (7th Cir. July 7, 2022) that *Conception* does not alter the court's ruling in *Thacker* that non-retroactive changes in the law cannot be a part of the "extraordinary and compelling" circumstances analysis under § 3582(c)(1)(A). This Order follows.

## LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons (BOP) file a motion on his or her behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied

such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* The Seventh Circuit has also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion." *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

On January 12, 2022, Defendant submitted a Reduced Sentence Application to the Warden at FCI Coleman seeking immediate release, claiming his mother had contracted COVID-19 and had only had a short time to live and claiming the changes to § 924(c) sentencing law also supported release. (D. 148-1). Defendant's request stated:

> I am officially requesting "compassionate release under § 3582(c)(1)(A)" due to the finding of my mother has contracted COVID-19 on 1/12/22 and is sick. She is my support system, and she depends on me as well. She has pre-existing health conditions such as diabetes, being overweight, hypertension, 2 slipped disks in her back, along with arthritis and her being elderly.
>
> Please consider that I am still being held in prison even though the First Step Act of 2018 clarified the stacking of 924(c). Yet did not make the "stacking" retroactive. My mother's condition and being held 4 additional years beyond the "clarification" of what Congress intended the law to be is extraordinary and compelling. My mother is sick now without much time.

(D. 148-1, p. 8). The warden denied his request on January 19, 2022. On February 14, 2022, Defendant filed this Second Motion for Compassionate Release. The Government acknowledges Defendant satisfied the exhaustion requirements as to his mother's health and the stacking sentence

arguments, but asserts he failed to exhaust administrative remedies relating to compassionate release based on his rehabilitative efforts.

The Court agrees Defendant's request to the warden did not include his rehabilitative efforts as a basis for release. The Seventh Circuit has made clear that an inmate does not satisfy the exhaustion requirement "by filing a grievance on one ground and then suing in court on an unrelated ground." *United States v. Williams,* 987 F.3d 700, 704 (7th Cir. 2021). Consequently, it is not properly before this Court. Thus, the only basis for relief properly before the Court are Defendant's arguments relating to his mother's health and Defendant's convictions under § 924(c).

## II. Defendant Failed to Establish Extraordinary and Compelling Reasons to Justify a Sentence Reduction

### A. Sentence "stacking" for § 924(c) violations

This is now Defendant's second time bringing this argument before this Court. In the Order denying Defendant's first Motion for Compassionate Release, this Court went into detail as to why the amendment in the First Step Act of 2018 limiting the circumstances in which an enhanced sentence may be imposed for multiple violations of § 924(c) was not an "extraordinary and compelling" reason for relief. (D. 138). The Seventh Circuit affirmed this Court's decision, stating the reason for a sentence reduction under § 3582(c)(1)(A)(i) "cannot include, whether alone or in combination with other factors, consideration of the First Step Act's amendment to § 924(c)." *United States v. Whitefield,* 2021 WL 6881064, *1 (7th Cir. 2021) (quoting *United States v. Thacker,* 4 F.4th 569, 576 (7th Cir. 2021)). Defendant has provided no new case law to suggest his argument regarding §924(c) is not foreclosed by *Thacker*. As a result, this Court finds the changes to § 924(c) sentencing law does not amount to an "extraordinary and compelling" reason for a sentence reduction.

### B. Familial Circumstances

Pursuant to USSG § 1B1.13, familial hardship can constitute grounds for compassionate release in two instances: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." § 1B1.13 n.1(C)(i)-(ii). However, in *United States v. Gunn,* the Seventh Circuit clarified that courts are not bound by the Sentencing Commission's analysis in § 1B1.13 regarding the definition of "extraordinary and compelling" reasons, but strongly suggested that those guidelines are still relevant to district courts' decisions. 980 F.3d at 1180-81.

Defendant moved for compassionate release after learning his mother had contracted COVID-19 in January 2022 and due to her underlying health conditions did not have much longer to live. Defendant provided some copies of his mother's medical records, the majority of which were for treatment prior to 2022. Notably, the records fail to provide information regarding his mother's prognosis since contracting COVID-19. Given the lack of evidence provided regarding Defendant's mother's current health, this Court finds he has failed to establish that his mother health is an "extraordinary and compelling" reason to justify relief.

Furthermore, the records clearly indicate that Defendant's release plan include him going to work for his brother's construction company. This indicates that there are other family members who could provide his mother with care, if needed, that Defendant has failed to disclose.

Based on the foregoing, the Court finds Defendant has failed to meet his burden of establishing "extraordinary and compelling" circumstances justifying his release.

### III.    The § 3553(a) Factors Do Not Warrant a Sentence Reduction

The Seventh Circuit recently held that the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and

compelling" reasons must proceed in two steps. *Thacker,* 4 F.4th at 576. First, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction. *Id.* Upon a finding that an "extraordinary and compelling" reason exists, step two requires a district court to exercise its discretion to consider any applicable sentencing factor in § 3553(a) to determine what sentence reduction to award the prisoner. *Id.*

Here, this Court found that Defendant failed to identify an "extraordinary and compelling" reason warranting a sentence reduction. Therefore, the Court need not consider the sentencing factors under § 3553(a). Even if the Court were to reach the 3553 factors, the court would continue to find that consideration of those factors weighs strongly against granting compassionate release.

## CONCLUSION

For the reasons set forth above, Defendant's Second Motion for Compassionate Release [148] is DENIED.

ENTERED this 18th day of August, 2022.

s/ Michael M. Mihm
Michael M. Mihm
United States District Court Judge
